Commonwealth *v.* Kane, Appellant.

Argued June 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, MONTGOMERY, and FLOOD, JJ. (WATKINS, J., absent).

*Malvin L. Skaroff,* with him *Skaroff and Skaroff,* for appellant.

*Burton Satzberg,* Assistant District Attorney, with him *Frank E. Gilbert* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 13, 1962:

This is an appeal from the judgment of sentence rendered by the Honorable JUANITA KIDD STOUT in a trial of the appellant who was indicted on a charge of assault and battery on his former wife. At the time of the trial defense counsel moved the court to disqualify itself on the grounds that in April, 1960, the same judge had previously heard a petition for support in which the defendant and the prosecutrix were the principal parties, and that during those proceedings the judge had become familiar with the appellant's past criminal record which had been placed in evidence.

This motion was refused by the court, and defense counsel was advised that the trial court felt it had sufficient intelligence to determine whether an assault and battery had been committed and sufficient integrity to impose a proper sentence. The matter then proceeded to trial and the defendant was found guilty.

The defendant moved for a new trial on the ground that the court erred in not granting the original motion. This motion was denied and the defendant sentenced to seven days to one year in the House of Correction.

The sole issue in this case is whether the trial judge should have disqualified herself because of alleged bias and prejudice against the appellant, supposedly gained from the prior support hearing in Domestic Relations Court.

Ordinarily, a decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion. If the court feels that it can hear and dispose of the case fairly and without prejudice, its decision will be final. *Askounes' Liquor License Case,* 144 Pa. Superior Ct. 293, 19 A. 2d 846. When a judge's disqualification is charged the party must produce evidence tending to show bias, prejudice, or unfairness. *Crawford's Estate,* 307 Pa. 102, 160 A. 585. To sustain the charge a party is not limited to the instant case, but he may show personal ill will to client or counsel, or temperamental prejudice on the particular class of litigation involved, or any other recognized ground, but here, the appellant has produced no evidence to support his allegations. The fact that the appellant had been before Judge STOUT on ten previous occasions is certainly not sufficient grounds to warrant disqualification. As pointed out by the lower court, the appellant had been before several judges, and had his marital troubles reviewed by the seven judges of this Court on one occasion, *Commonwealth ex rel. Kane v. Kane,* 193 Pa. Superior Ct. 98, 163 A. 2d 925, all of whom would have to disqualify themselves if his contention were to be sustained. Such holding would seriously impair the administration of justice, particularly in counties wherein the judiciary is not as numerous as that of Philadelphia County.

Judgment affirmed.