361 A.2d 421

**COMMONWEALTH of Pennsylvania**

v.

**Francis L. CONRAD, Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

William R. Bernhart, Reading, for appellant.

Grant E. Wesner, Deputy Dist. Atty. for Law, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant Francis L. Conrad was tried on October 21–22, 1974, by a judge and jury, was found guilty of receiving stolen property, criminal conspiracy, and aiding the consummation of a crime, and was sentenced on June 11, 1975, to pay a fine of $2,500.00, to make restitution, and to serve three to seven years imprisonment. On appeal from the judgment of sentence, appellant argues that "the trial judge erred in refusing to grant a mistrial when it was revealed that the trial judge had dis-

cussed with the father of the chief witness against the defendant certain matters pertaining to that witness." We find that the trial judge properly refused to withdraw from the case, and we affirm the judgment of sentence.

The following remarks were made on-the-record at sidebar:

"THE COURT: . . . I received a phone call from a man who identified himself as Hogue's father. [Hogue was the co-defendant, who had previously pleaded guilty]. He said he was much concerned with the boy and the problem and I can't repeat the conversation entirely but I believe he is married and has a job and he wanted the boy to make good, and I told the father what the recommendation from the probation office was and said, in view of all the places that were entered, while I appreciated the father's feelings, I did not see how any other lesser sentence could be justified. I think the father also said that 30 some years ago, or about 30 years ago when I first went into politics, he supported me. This was all by a conversation on the telephone but I just happened to recall it and thought I had better put it on the record for the protection of everybody. My answer to him was that I thought the recommendation was very reasonable considering all the cases and I thought the father should realize the amount of time the boy could get, and I thought the recommendation was more than reasonable."

After listening to these remarks of the trial judge, appellant's attorney discussed the matter with appellant and requested a mistrial. The lower court denied the motion.

"THE COURT: If defense counsel could put anything on the record that would indicate I would be prejudiced in this case or that I had promised anything or that

in any way I did more than talk to any father that this boy is bad and told the father to have his boy see the attorney, I would gladly go along with the mistrial, but it is a grave question whether it is important that I should not even have declared it even though the defendant asked for it. Unless defendant or his counsel could put on the record some real basis for prejudice, I will overrule the motion except I do not blame counsel for putting it on the record and I am sorry I did not think of it before the case went to trial. I could not even tell you how many weeks ago this was."

Appellant's attorney replied that his client was concerned because there apparently had been some discussion in the conversation in question about the co-defendant's sentence, but counsel went on to say: "We do not contend that the Judge's conduct was improper or anything like that or that you are, as a result of that conversation, prejudiced."

In *Commonwealth v. Schwartz*, 178 Pa.Super. 434, 115 A.2d 826 (1955), a district attorney had talked to a trial judge and had given the judge several written reports showing payments made on various dates to different individuals in connection with bribery investigations. The information was given by the district attorney for his own protection. The same judge six months later presided over appellant's jury trial for alleged bribery. The judge stated (at a hearing held on a motion for continuance) that he had never read the reports closely and that he knew nothing more than that an investigation into alleged bribery was taking place. On appeal, our Court found "no semblance of prejudice, bias, or adverse interest," and stated that "[a] trial judge is not disqualified merely because he has some previous acquaintance with the case." 178 Pa.Super. at 447, 115 A.2d at 832.

In *Commonwealth v. Kane*, 199 Pa.Super. 89, 184 A.2d 405 (1962), an appellant argued that the trial judge in

his non-jury trial for assault and battery should have disqualified herself because of bias or prejudice purportedly acquired during appellant's ten previous appearances before the judge in support matters. Our Court affirmed the conviction and stated the rule that the party seeking disqualification of a trial judge has the burden of producing evidence tending to show bias, prejudice, or unfairness, and if the trial judge feels able to hear and dispose of the case fairly and without prejudice, the decision not to withdraw will not ordinarily be reversed on appeal. 199 Pa.Super. at 91, 184 A.2d 405.

In the case before us, appellant makes no allegation that any prejudice actually resulted, but merely contends that a mistrial should have been granted "to avoid any possible prejudice which *may* have resulted. . . ." (Emphasis added.) Judicial economy dictates that a trial judge not disqualify himself and prolong a case without good cause. Appellant's trial counsel was given an opportunity to state for the record how he thought his client might be prejudiced, with the judge indicating that he would consider the motion if possible prejudice were pointed out. Appellant's attorney was unable to indicate any way in which the judge might have been affected by the conversation, and counsel specifically stated that he was not contending that the judge was in any way prejudiced. Particularly in view of the fact that appellant was being tried by a jury, we can find no prejudice and no reason for the trial judge to have disqualified himself from the case. We find that the trial court properly denied appellant's motion.

Judgment affirmed.