421 A.2d 341

**COMMONWEALTH of Pennsylvania**

v.

**Helen A. SEBASTIAN, Bobby J. Harper, Stephen Joseph Sebastian, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Aug. 1, 1980.

Petition for Allowance of Appeal Denied Dec. 19, 1980.

Gilbert B. Abramson, Philadelphia, for appellants.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the Order of the Court of Common Pleas of Dauphin County, Criminal Division, by the defendant–appellants, Helen A. Sebastian, Bobby J. Harper and Stephen Joseph Sebastian.

The defendants are three individuals who were charged with two counts of theft by deception and two counts of conspiracy due to their alleged involvement in a check–kiting scheme which victimized four banks and one individual. One of the banks was the Lancaster Branch of the Commonwealth National Bank which allegedly sustained a loss of over $23,000 as a result of the aforesaid scheme.

On May 30, 1978, a jury was sworn and trial was commenced against the defendants. On the second day of the trial defense counsel for all three defendants requested the trial judge to excuse himself from the case and to declare a mistrial because of a possible conflict of interest occasioned by the fact that the judge's wife was a loan officer employed by the said bank. At first the trial judge refused to grant the request because his wife was merely a salaried employee of the bank and was not a corporate officer of the bank. When the defendants then pursued their motion claiming that the wife's position created the *appearance* of a conflict of interest, the trial judge granted the motion, recused himself from the case, and granted the motion for mistrial. Appellants then filed a Motion to Dismiss the

Informations by Reason of Being twice placed in jeopardy. On July 10, 1978, the new trial judge refused the motion and scheduled the matter for trial. Defendants then appealed the court's refusal to grant their motion to dismiss the cases against them.

Defendants claim that the trial judge's failure to disclose his wife's position with the victim bank constituted judicial overreaching motivated by bad faith or undertaken to harass or prejudice the defendants and that, therefore, they would twice be placed in jeopardy if they were to be retried. We do not agree.

■ Where a mistrial is ordered without a defendant's consent, or sua sponte, by the court, then a defendant may be retried only if the trial court's decision was one of manifest necessity. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). The purpose of the rule is obviously to protect a defendant from being retried in a situation where the court or the prosecution instigates the termination of the original proceedings. Such protection is required because otherwise the prosecutor could move for a mistrial in any case where things were going badly for him at trial and then subject an accused to a never–ending series of prosecutions on the same charge. If a judge was so inclined he too could grant mistrials sua sponte in situations where it appeared that a defendant may not be convicted and therefore constantly harass a defendant with groundless prosecutions.

■ However, when a mistrial is granted on the motion of the defendant the defendant is not ordinarily placed in double jeopardy when he is retried. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). An exception to this general rule exists when bad faith conduct of the judge or prosecutor invites or provokes a mistrial. *U. S. v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). However, there is no double jeopardy barrier to a defendant's retrial unless the judicial or prosecutorial error that prompted the defendant's motion was intended to provoke the motion or was otherwise motivated by bad faith or was undertaken to harass or prejudice the defendant. *Lee v. U. S.*, 432 U.S. 23,

564

97 S.Ct. 2141, 53 L.Ed.2d 80 (1977). In the instant case the defendants have not produced anything tending to show that the trial judge either provoked the request for mistrial or that he was motivated by bad faith in his failure to reveal his wife's employment with the bank. Nor have they demonstrated that the trial judge failed to disclose said employment in order to harass or prejudice the defendants. The judge's wife did not have any financial interest in the outcome of the case as she was a salaried employee of the bank and her salary would be unaffected by the outcome of the case, including the issue of whether restitution to the victims would be required in the event of a conviction. In addition, the crime was not committed at the branch of the bank where she worked but occurred at another branch of the bank in another county. Three other banks were also involved. Reviewing the record we see that, at first, the trial judge was reluctant to recuse himself from the case because he felt that he could remain totally impartial throughout the case considering his wife's tenuous relationship with the case. However, in order to avoid even the *appearance* of impropriety he ultimately recused himself. He also granted the mistrial. In arguing their motion before the trial court it was the issue of the possible *appearance* of impropriety which was advanced by the defendants. No where have the defendants presented one iota of evidence tending to show overreaching or bad faith on the judge's part. In the case of *Commonwealth v. Conrad*, 241 Pa.Super. 324, 361 A.2d 421 (1976) we held that "judicial economy dictates that a trial judge not disqualify himself and prolong a case without good cause". Because we do not find that the trial judge's refusal to inform the defendants of his wife's employment constituted bad faith or harassment of the defendants and because the defendants, not the judge nor the prosecutor moved for the mistrial, and considering the purpose of the rule discussed above, we hold that the court below was correct in denying the defendants' motions for dismissal of the charges.

Order of July 10, 1978 of the court below is affirmed and the case remanded to the court below for trial.