429 A.2d 1176

**COMMONWEALTH of Pennsylvania,**

v.

**Robert B. STRUNGE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed May 15, 1981.

Petition for Allowance of Appeal Denied Aug. 31, 1981.

---

Anthony S. Federico, Jr., Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from judgments of sentence of the Court of Common Pleas of Dauphin County, by the defendant-appellant, Robert A. Strunge, after conviction by a jury of kidnapping, simple assault, rape, indecent assault and involuntary deviate sexual intercourse; and from the denial of post-trial motions.

The victim, Patricia Ann Gouse, was a student at Harrisburg Area Community College, Harrisburg, Pennsylvania. She had left her class at 8:40 P.M. and as she walked through campus to her next class, she heard footsteps behind her, a hand was placed across her mouth, and she was told to "Shut up or I'll kill you". She was forcibly taken to a wooded area, struck on both sides of her head, and dragged by the hair to a rear parking lot. She was then pushed into an automobile and driven to an isolated area North of Harrisburg. During the trip, she was forced to perform fellatio on her assailant and upon arriving at their destination, he had intercourse with her two times and anal intercourse once.

Two Commonwealth witnesses corroborated the abduction having heard the victim's screams and finding her handbag and books on the sidewalk. At trial, a State Police officer testified that he had come upon the car in the area and observed the victim and the defendant in the back seat, both without clothes from the waist down. She asked to get out and ran to the police vehicle in her bare feet and related her experiences to the officer.

The physician who examined her at the hospital testified to the existence of contusions and abrasions on her face and ankle and a tear in her rectum.

The defendant admitted sexual intercourse with the victim but claimed she initiated and consented to the sexual activity after he had picked her up as a hitchhiker in the college neighborhood.

After conviction, the defendant was sentenced to a total term of imprisonment of not less than fifteen (15) years nor more than forty (40) years. This appeal followed.

The first question raised by the appeal was that the verdict was contrary to the weight of the evidence. In this kind of case, the jury must usually choose between two conflicting versions of an incident, but here we have the corroborating testimony concerning the screams and the finding of her purse by two students and the security guard. This evidence together with the testimony of the State Police officer and the examining doctor supported the testimony of the victim.

The rule is well established that when passing upon the propriety of a Motion in Arrest of Judgment:

"The sufficiency of the evidence must be evaluated upon the *entire* trial record. All the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a Motion is to admit all the facts which the Commonwealth's evidence tends to prove. (Citations omitted). Also, in passing upon such a Motion, all evidence actually received must be considered whether the trial rulings thereon were right or wrong." *Commonwealth v. Terenda,* 433 Pa. 519, 523, 252 A.2d 635, 637 (1969), quoting from *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965).

The jury resolved the issue of credibility in favor of the victim and against the defendant so that the court cannot find as a matter of law that such a decision was against the weight of the evidence.

The defendant complains that the bail hearing, at which the trial judge presided, rendered his sitting at the trial prejudical. At the bail hearing, the judge stated: "that makes likelihood of conviction in this case, in this particular case, great". The court at trial disclaimed any prejudice against the defendant and referred to the factors that must be considered in fixing bail. *Pa.R.C.P. 4004,*

*Standards for Setting Bail,* provides the factual standards which the court must consider. Subsection (i) states: "The nature of the offense charged and any mitigation or aggravating factors that may bear upon the likelihood of conviction and possible penalty."

The determination of guilt was made by the jury and the jury was never exposed to the statement made by the judge at the bail hearing. A previous acquaintance with a case does not disqualify a judge to sit at trial as a matter of law. *Commonwealth v. Conrad,* 241 Pa.Super. 324, 361 A.2d 421 (1976). "The party seeking disqualification of a trial judge has the burden of proving evidence tending to show bias, prejudice or unfairness, and if the trial judge feels able to hear and dispose of the case fairly and without prejudice, the decision not to withdraw will not be reversed on appeal." *Commonwealth v. Conrad,* supra, citing *Commonwealth v. Kane,* 199 Pa.Super. 89, 184 A.2d 405 (1962).

The defendant also complains of the failure of the court to strike a statement by Doctor Hildebrandt of the account given to him by the victim as "an excellent historical account of the happenings fairly well organized."

However, the record shows that the court, in response to the defendant's objection to the doctor's response, stated: "We will strike it. Disregard it, Ladies and Gentlemen of the jury." Dr. Hildebrandt was qualified as an export witness, but a witness may, as a general rule, relate his observations as to the personal appearance and condition of a witness during the course of a statement. 2 *Wharton, Criminal Evidence Section 310–313 (13th Edition, 1972).*

The next reason advanced by the defendant concerns a reply made by the State Police officer to a question by the Commonwealth. "Q. Why didn't you arrest him on the spot? A. There were easy avenues of investigation that were still open even though I believed what Patty told me. Counsel for the defendant: Objection, Your Honor. We move that be stricken. The Court: Yes, I agree. That is for the jury. All right, we will strike that and tell the jury that the

officer's beliefs are not admissible. What he did, of course, and why he did it is, but who is to be believed is exclusively and solely for the jury. Satisfactory? Are you satisfied with the explanation? A. Yes, Your Honor."

The answer was not elicited by the Commonwealth and the court immediately expressed a cautionary instruction to the jury and the defendant expressed satisfaction with the explanation.

 The defendant denied he had been given his *Miranda* Warnings. The trooper claimed that he had twice given him his rights as required by *Miranda* and further had him sign a statement of the rights. The defendant then returned to the stand and, upon examining the Commonwealth's exhibit, denied that it was his signature. After both sides rested, but before closing arguments, the defendant requested that the case be reopened in order for the defendant to introduce a signature exemplar for purposes of comparison with the signed statement. As the court below said: "This procedure would have resulted in the jury making expert conclusions as to handwriting samples in an area where no handwriting experts were available to testify." The court concluded that the real issue was one of credibility; i. e. Strunge's testimony that he had not signed the statement versus Trooper Sheff's testimony that he had. "[C]learly this was a matter of no particular consequence." The test as to reopening a case, which is in the discretion of the court, is whether a failure or a miscarriage of justice would be the result. *Commonwealth v. Ridgely*, 243 Pa.Super. 397, 365 A.2d 1283 (1976).

 The defendant complains further that the court erred in making its charge in regard to kidnapping. The court charged as follows:

"Kidnapping is to unlawfully remove someone a substantial distance for the purpose of committing a felony such as rape. That would be kidnapping. I think we, all of us, associate kidnapping, I suppose at least the people of my generation, we think of the *Lindberg* case, that sort

of thing, the taking of someone for ransom. Well, today, it has become rather common in some of the countries to kidnap people for ransom. That is not necessary. Anytime you take someone a substantial distance away against their will to commit a felony, that is kidnapping."

The court explained the references to the *Lindberg* case as follows:

"There was no reference by the court to the facts of the *Lindberg* case, or in any way a suggestion that the facts of that case and the one being tried had any similarities. The sole reference was to broaden the ordinary street conception of the term 'kidnapping' from that of taking a child for ransom to include the taking of anyone a substantial distance to commit any felony. The reference by the trial judge to the *Lindberg* case was thus for the purpose of drawing legal distinctions rather than for establishing factual parallels. It is well established that the court is free to select its own form of expression, so long as the issue is adequately, accurately and clearly presented to the jury. *Commonwealth v. Gardner*, 246 Pa.Super. 582, 371 A.2d 986 (1977)."

It was only after the jury retired that counsel made objections to the *Lindberg* reference. *Pa.R.C.P. 1119(b)* provides: "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." *Commonwealth v. Danzy*, 225 Pa.Super. 234, 310 A.2d 291 (1973).

Subsection (c) of the above rule allows for corrective instructions after the jury has retired where the proper request for such corrections is made. Here there was no request but merely an exception to the charge as given.

At the conclusion of the charge, the court asked: "Now, gentlemen, do you wish me to say anything else to the jury?" Defense counsel responded, "The defense is satisfied, Your Honor."

Judgments of sentence affirmed.

CERCONE, President Judge, concurs in the result.