## Commonwealth v. Yeager

*Allan L. Sodomsky,* assistant district attorney, for the Commonwealth.
*David R. Dautrich,* for defendant.

SAYLOR, *J.,* November 10, 1986—Defendant filed a motion with this court on September 15, 1986, asking, inter alia, that I disqualify myself from his case because I refused final acceptance of and struck his guilty pleas to lesser crimes charged in the information. In paragraph 17 defendant avers that my action creates "the appearance that the

court *may* have been influenced by ex parte communications which *might* lead one to reasonably question the court's impartiality." (Emphasis added.) In paragraph 18 he further asserts that he believes I *may* have formed an opinion about his guilt which *might* affect rulings at trial. (Emphasis added.) He further notes in paragraph 21(d) that because I was the trial judge in Commonwealth v. Cody, involving similar offenses against the same victims, I *apparently* relied on matters outside the record. (Emphasis added.)

After the motion was filed, defense counsel was invited to put anything on the record by way of evidence or argument to support these allegations, but he declined to do so. Both parties are satisfied that I resolve this portion of defendant's motion on its face.

## I

In Municipal Publications, Inc. v. Snyder, 322 Pa. Super. 464, 469 A.2d 1084 (1983), the court held that when a recusal motion is filed, the challenged judge:

". . . . must first decide the sufficiency of the allegations of bias and prejudice. In making this decision, the judge must take the allegations as true. If on the basis of the allegations, taken as true, the judge's impartiality might reasonably be questioned, the judge must refer the recusal motion to another judge for a hearing. If instead the judge hears the motion himself, he exceeds his jurisdiction." Id. at 494, 469 A.2d at 1099.

Later, our Supreme Court vacated the order granting a writ of prohibition in Municipal Publications on the ground that the Superior Court was without jurisdiction to entertain a prohibitive action

in that case. Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County, 507 Pa. 194, 489 A.2d 1286 (1985). On the recusal issue, without commenting on the Superior Court's analysis, the Supreme Court stated, in essence, a recusal motion must be decided by another judge only where the presiding judge has personal knowledge of disputed facts and permits himself to be a crucial witness in the recusal proceedings. The court, in further elaboration, said:

"This does not mean that we will permit a party who is dissatisfied with the progress of the trial midstream to arbitrarily attempt to cause the disqualification of the presiding judge. Judge shopping has been universally condemned, and will not be tolerated at any stage of the proceedings. (Citations omitted.) Thus, where fabricated, frivolous or scurrilous charges are raised against the presiding judge during the course of the proceeding, the court may summarily dismiss those objections without hearing where the judge is satisfied that the complaint is wholly without foundation. In such case the complaining party may assign the accusation as a basis for post-trial relief and, if necessary, a record can be developed at that stage and in that context. Where, as here, a judge concludes that the allegations justify an evidentiary hearing in which he will testify, it then becomes incumbent upon that judge to step aside for the appointment of another judge to hear and rule upon the issue of disqualification." Id. at 202, 489 A.2d at 1289-90.

If the threshold "jurisdictional" question formulated by the Superior Court is still viable, I am of the opinion that the defendant fails to state any facts, yet alone facts sufficient to require referral of his motion to another judge. The petition merely states conclusions and vaguely speaks of unconfirmed

possibilities. And, as I noted, no testimony or other evidence has been offered to support the motion. For these reasons referral to another judge is not required. Furthermore, under the Supreme Court's analysis, since I am not being called upon to preside over a hearing — yet alone one in which I could present myself as a witness — not only is referral unnecessary, I may summarily dismiss the motion without a hearing. Rather than do that, however, I will proceed to decide it on its face.

## II

Canon 3 C of the Code of Judicial Conduct, adopted by our Supreme Court, effective January 1, 1974, provides, in part:

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed facts concerning the proceedings . . . ."

On commenting upon this Canon, the court in Reilly by Reilly v. Southeastern Pa. Transportation Authority, 330 Pa.Super. 420, 479 A.2d 973 (1984), said:

"To be sure, if the judge does subjectively feel unable to be impartial, he must recuse himself. But Canon 3 C sets forth an *objective* standard: no matter how the judge himself feels, if "his impartiality might *reasonably be questioned*," recusal is required. The question, therefore, is not how the judge appraises the situation but how a detached observer — the common law's "reasonable man" — would appraise it. If a reasonable observer would conclude that the situation is such that the judge's

"impartiality might reasonably be questioned," the judge should recuse himself. The party claiming that the judge should have recused himself is therefore under no obligation to show any actual prejudice — to show, that is, that subjectively, or in fact, the judge was not impartial; it is enough to show that a reasonable observer might have questioned the judge's impartiality." Id. at 4345, 479 A.2d at 980.

One who seeks to disqualify a trial judge has the burden of producing some evidence tending to show bias, prejudice or unfairness and if the judge feels able to hear and dispense of the case fairly and without prejudice — absent a reasonable basis to question his impartiality — there is no abuse of discretion on the part of the trial judge in refusing to recuse. Commonwealth v. Perry, 468 Pa. 515, 364 A.2d 312 (1976). Finally, a trial judge is not disqualified merely because he has some previous acquaintance with the case. Commonwealth v. Conrad, 241 Pa. Super. 324, 361 A.2d 421 (1976). With these principles in mind, I am of the opinion that recusal is not required and, for the reasons to follow, defendant's request will be denied.

First, from a subjective standpoint, I state without reservation that I am able to hear and dispose of this case fairly. I have no personal bias or prejudice concerning the defendant nor do I have personal knowledge of disputed evidentiary facts concerning the proceedings.

Second, from an objective analysis, I fail to see how anything I have said or done would create in a reasonable mind the appearance of impropriety or partiality. In accepting a guilty plea to lesser crimes charged against a defendant, a court, I believe, has a duty not just to the defendant but to the public as well. The mere act of striking a lesser crime charged

should not trigger automatic judicial disqualification; otherwise, a judge should never thereafter preside at a defendent's trial—such notion is without support in law, rule or reason. In deciding whether to finally accept defendant's guilty plea to the lesser charge, I considered only facts and allegations either stated in open court or which appear in the official court file. To be sure, I presided over the jury trial of David Cody involving similar offenses against the same victims but none of the alleged facts in this case arose or were mentioned there. In the Cody trial, of course, I had to rule on the victims' competency to testify and I heard and observed them, but it does not reasonably follow that I have thereby been prejudiced against defendant.

In Commonwealth v. Schwartz, 178 Pa.Super. 434, 115 A.2d 826 (1955), a district attorney had talked to a trial judge and had given the judge several written reports showing payments made on various dates to different individuals in connection with bribery investigations. The information was given by the district attorney for his own protection. The same judge six months later presided over defendant's jury trial for alleged bribery. The judge stated (at a hearing held on a motion for continuance) that he had never read the reports closely and that he knew nothing more than that an investigation into alleged bribery was taking place. On appeal, the court found "no semblance of prejudice, bias, or adverse interest," and stated that "[a] trial judge is not disqualified merely because he has some previous acquaintance with the case."

In Commonwealth v. Kane, 199 Pa.Super. 89, 184 A.2d 405 (1962), a defendant argued that the trial judge in his non-jury trial for assault and battery should have disqualified herself because of bias or prejudice purportedly acquired during defen-

dant's 10 previous appearances before the judge in support matters. The court affirmed the conviction and stated the rule that the party seeking disqualification of a trial judge has the burden of producing evidence tending to show bias, prejudice, or unfairness, and if the trial judge feels able to hear and dispose of the case fairly and without prejudice, the decision not to withdraw will not ordinarily be reversed on appeal.

The following additional cases involved situations in which the evidence was insufficient to support a claim of bias: Commonwealth v. Darush, 501 Pa. 15, 459 A.2d 727 (1983) (vague, unsubstantiated hearsay references insufficient; Commonwealth v. Council, 491 Pa. 434, 421 A.2d 623 (1980) (defendant failed to sustain burden of showing prejudice; trial judge stated on record that he had disregarded prejudicial evidence); Commonwealth v. Strunge, 287 Pa.Super. 212, 429 A.2d 1176 (1981) (defendant failed to show prejudice when trial judge's alleged biased statement made at prior bail hearing was not known to jury); Commonwealth v. Conrad, supra (trial judge's discussion with witness' father insufficient to show prejudice).

If recusal was not required in the cases just reviewed, I fail to see from a reasonable point of view how disqualification is appropriate here.

For all these reasons, the following order is entered.

## ORDER

November 10, 1986, defendant's motion for recusal is denied. Hearing and/or argument on defendant's motion to dismiss on the basis of former jeopardy is to be held before the undersigned on Tuesday, November 25, 1986, in Courtroom 7A or at time of trial, whichever is earlier.