## Commonwealth ex rel. Allen, Appellant, v. Rundle.

Submitted January 15, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James Allen,* appellant, in propria persona.

*Gordon Gelfond* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 28, 1963:

In March of 1959, appellant entered a plea of guilty to murder. A three-judge court, after hearing the evidence, including defendant's own testimony, found him guilty of murder in the first degree and sentenced him to life imprisonment. Neither a new trial nor an arrest of judgment was requested, and no appeal was taken. This petition for a writ of habeas corpus, filed in August, 1962, was denied without a hearing.

The petition filed below and the brief submitted to us apparently were prepared by petitioner himself without aid of counsel. He raises questions involving the validity of his conviction and complains of various errors committed in the habeas corpus proceeding. However, in view of our determination in this appeal, we find it unnecessary to discuss the merits of the issues presented.

The hearing judge in this proceeding was the district attorney at the time the indictment was returned. In that capacity, he signed the bill of indictment and was responsible for the prosecution of the charge against the defendant-petitioner. Our examination of the record satisfies us that the failure of the hearing judge to disqualify himself from passing on this petition was in no way prejudicial to petitioner. The record is entirely free from even the slightest suggestion of prejudice or impropriety on his part. Despite the complete impartiality exercised by the hearing judge and the total absence of any element of unfairness, we are nevertheless of the opinion that it is more desirable to have such petitions heard by a judge who, prior to ascending the bench, had no association with either the prosecution or the defense in the trial of the case. This we are convinced may be accomplished without added burden to, or delay in, the proper administration of justice. The preferable practice, we suggest, will have the added practical advantage of eliminating

the possibility of even an unwarranted challenge to any proceeding on this particular ground.

The order of the court is accordingly vacated and the record remanded so that the petition may be disposed of by a member of the court below who had no association with either the prosecution or defense at the time of appellant's trial.