UNITED STATES of America ex rel.
James ALLEN

v.

A. T. RUNDLE, Superintendent State Correctional Institution, Philadelphia 30, Pennsylvania.

No. M-2767.

United States District Court
E. D. Pennsylvania.

Aug. 25, 1964.

**634**

David S. Shrager, Philadelphia, Pa., for petitioner.

WOOD, District Judge.

This is a habeas corpus petition filed by a State prisoner who is presently serving a life sentence for first degree murder.[1] The petitioner never appealed his conviction, but has pursued his *habeas corpus* remedies through the State Courts without success.[2]

Of the various grounds advanced we consider his most serious allegation to be that his guilty plea was the product of coercion, when on the day of trial, March 23, 1959, the trial court refused to permit him to dismiss his two court appointed attorneys and compelled him to enter a plea and proceed with the trial.

Examination of the record discloses that he was arrested in July of 1957, and in December of that year, the court, pursuant to his "Affidavit of Destitute Circumstances," appointed two experienced attorneys[3] to represent him as required by the Act of 1907, 19 P.S. § 784. It appears from the petition that the defendant while incarcerated became dissatisfied with his court appointed attorneys and wrote a letter dated November 18, 1958 to the Attorney General of Pennsylvania (Ex. "F–2" attached to the petition) seeking advice regarding the procedure to have them withdrawn from the case. According to Mr. Allen the Attorney General replied that petitioner would have to take this matter up with the Philadelphia District Attorney. Thereafter, petitioner made no application for withdrawal of his counsel until the day of trial, March 23, 1959.[4]

Counsel stated on the day of trial when the petitioner sought their removal that they had consulted with Mr.

1. Com. v. James Allen, Quarter Sessions, Philadelphia County, Oct. Sessions 1957, No. 793, March 23, 1959.

2. Com. ex rel. Allen v. Rundle, 410 Pa. 599, 189 A.2d 261 (1963) vacated and remanded. Com. v. Allen, C.P.No. 5, June T. 1962, No. 3881 (habeas corpus denied); Com. ex rel. James Allen v. Rundle, Supreme Court of Penna., Jan. T.1964, No. 182 (non pros.).

3. George P. Williams, 3rd, Esq., and Jack C. Briscoe, Esq.

4. Trial transcript, p. 3:
"DEFENDANT: Judge, your Honor, last year I wrote to the Attorney General in Harrisburg and asked him what could I do to obtain two appointed lawyers, because I wasn't satisfied with the two that I had. He said, well, he didn't have any jurisdiction over that whatsoever, it was up to the District Attorney. But a friend of mine was coming to see me and he thought, and I asked him, and he referred to a lawyer in the street; and he said the only thing I could do was to ask for two more lawyers before I go to Court, and it would be up to the Judge, your Honor, to appoint them or try me without them."

Allen frequently from the date of their appointment on December 10, 1957, until as late as March 20, 1959, and the petitioner never informed them that he was "dissatisfied" with their services and wanted them to withdraw from the case. (N.T. pp. 3-4, see footnote 1.) The trial court considered the petitioner's motion during the noon recess and upon reconvening court, denied the motion and his counsel's request for a continuance to enable Mr. Allen to obtain attorneys of his own choice and selection.

Following this series of events, after a discussion with his court appointed attorneys, the petitioner pleaded guilty and a three-judge court was convened to determine the degree of guilt and manner of punishment.[5]

The petitioner seeks to attach some sinister purpose to an unreported sidebar conference between the court, his counsel, and the prosecutor which occurred when the defendant requested the court to permit him to make a statement. He contends that all parties involved conspired thereafter to pressure him into entering a guilty plea under fear of the maximum penalty. (Petition at pp. 3, 4, 7.)

Such a reckless allegation impugns the integrity of the court and the very processes which were so scrupulously observed to afford the petitioner a just and fair trial. Shorn of all invective the petitioner's constitutional claim is whether his plea of guilty was coerced when on the day of trial, the court refused his request for new counsel or a continuance to obtain counsel of his own choice.

The right of an indigent defendant in a criminal trial to have the assistance of counsel is a "fundamental right" essential to a fair trial. Gideon v. Wainwright, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Such a right, however, like all fundamental rights, is not unrestrained. An indigent defendant without funds does not have the right to tell the court who it should appoint to represent him. Wilson v. United States, 215 F.Supp. 661 (W.D. Va.1963). An accused cannot insist on a right to select his own counsel in a manner which will obstruct the orderly procedure of the court. Releford v. United States, 288 F.2d 298, 301 (9 Cir. 1961). As Mr. Justice Black so lucidly stated the law on this point in Avery v. Alabama, 308 U.S. 444, 445, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940):

"Had petitioner been denied any representation of counsel at all, such a clear violation of the Fourteenth Amendment's guarantee of assistance of counsel would have required reversal of his conviction. But counsel were duly appointed for petitioner by the trial court as required both by Alabama law and the Fourteenth Amendment.

"Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel. In the course of trial, after due appointment of competent counsel, *many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing. Disposition of a request for continuance is of this na-*

---

5. The petitioner also raises objection to the trial court's alleged error in not advising him of his right to a jury trial and the resulting consequences of his guilty plea. Under Pennsylvania law, when a defendant pleads guilty to an indictment charging murder, it is then the duty of the court, and not a jury, to determine the degree of guilt and appropriate punishment. Also, when an accused is represented by counsel, it is not incumbent upon the court to inquire into the defendant's understanding of the charges or to advise him of the nature and consequences of his plea of guilty, although it is the better practice to do so. Com. ex rel. Crosby v. Rundle, 415 Pa. 81, 85, 86, 87, 202 A.2d 299 (1964).

*ture and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed."* (Emphasis supplied)

■■ It was for the trial court to decide in its discretion whether the petitioner's "dissatisfaction" merited delaying the trial and the appointment of new counsel to defend him. Such a request coming on the day of trial, and particularly in light of his attorney's statement that he had no notice of this fact as recently as three days before trial, fully justified the trial judge's refusal to appoint new counsel or grant a continuance. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed. 2d 921 (1964).

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Also see United States ex rel. Puntari v. Maroney, 220 F.Supp. 801 (W.D.Pa.1963); Com. v. Novak, 395 Pa. 199, 213, 214, 150 A.2d 102 (1959).

Our independent examination of the record discloses that petitioner's claim on this ground is without substance and it is accordingly dismissed.

The two remaining constitutional claims are: that the petitioner was denied due process because he was not accorded a speedy trial; and the indictment is defective because the petitioner never signed it when he entered his guilty plea. While it is unfortunate that the petitioner was confined for nearly two years before trial, he has not stated any facts in his petition which show that this delay caused the trial to be unfair. Furthermore, since the petitioner did not allege that he had demanded an earlier trial he is not entitled to protest at this late date. Hastings v. McLeod, 261 F.2d 627, 628 (10 Cir. 1958).

■ The petitioner's attack on the indictment is frivolous and only goes to a defect of form which did not deprive the court of jurisdiction. Where the record shows, as does the instant case, that the defendant was informed of the precise accusation to which he was to plead and with such knowledge he pleads guilty, the mere absence of his signature does not vitiate an otherwise correct indictment. Com. ex rel. Banky v. Ashe, 142 Pa.Super. 396, 16 A.2d 668 (1940). The writ of habeas corpus will not lie to question the sufficiency of an indictment which on its face is within the jurisdiction of the court to which it was returned and a writ of habeas corpus will not serve as a writ of error. United States ex rel. Potts v. Rabb, 141 F.2d 45, 47 (3 Cir. 1944); cert. denied 322 U.S. 727, 64 S.Ct. 943, 88 L.Ed. 1563 (1944).

■ While we have examined the merits of the petition, it also appears that a dismissal is warranted because of the petitioner's failure to exhaust his available State remedy of writ of error *coram nobis.* In United States ex rel. Wilkins v. Banmiller, 325 F.2d 514, 518 (3 Cir. 1963), the Court held that a prisoner who alleged that his plea of guilty to murder was coerced by the actions of the trial judge and his counsel was required to file a writ of error *coram nobis* in the Pennsylvania State Courts before proceeding in the Federal Court via habeas corpus.[6] In so ruling the Court said at page 518:

"It has been specifically held that it [coram nobis] is available 'to set aside a conviction obtained by duress or fraud' and 'to prevent a miscarriage of justice.'"

On either basis the petition is denied.

The Court gratefully acknowledges the unselfish service rendered by David S.

---

6. The Court also held that a petitioner, convicted of first degree murder, could apply to the Supreme Court of Pennsylvania under the Act of 1903, P.L. 245, § 1, 19 P.S. § 861, for relief whenever after discovered evidence creates a substantial doubt as to guilt.

Shrager, Esq., who accepted the Court's appointment as counsel for the petitioner.

## ORDER

And now, this 25th day of August, 1964, the petition for a writ of habeas corpus is denied.