## Commonwealth *v.* Allen, Appellant.

114

Submitted November 13, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

 

 ██

James Allen, appellant, in propria persona.

Burton D. Fretz and Alan J. Davis, Assistant District Attorneys, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 3, 1968:

In this, appellant's second state post-conviction action,[1] he alleges that his privilege against self-in-

---

[1] Appellant's first petition was heard originally by Judge BLANC who had been Philadelphia District Attorney at the time of appellant's trial. He appealed Judge BLANC's denial and we remanded his petition to be heard by a judge having no connection with appellant's prosecution. See Commonwealth ex rel. Allen v. Rundle, 410 Pa. 599, 189 A. 2d 261 (1963). The matter then came before Judge GOLD who held a brief hearing without appointing counsel. Appellant raised three arguments in this petition: (1) the indictment was invalid because it lacked his signature; (2) he was denied the right to speedy trial; and (3) his guilty plea was coerced. Judge GOLD's denial was appealed to this Court as of January Term, 1964, No. 182 and a judgment of non pros entered on May 6, 1964. Arguments identical to those presented to Judge GOLD formed the basis of a federal habeas corpus action. The federal district court denied relief on alternative grounds, i.e., it rejected

crimination was violated, that his two court-appointed attorneys were not competent, that a constitutional right not recognized at the time of trial but applicable retroactively was violated and that his plea of guilty was unlawfully induced. Counsel was appointed and a hearing conducted. Giving appellant's petition the most charitable reading, there are no facts alleged which in legal contemplation are sufficient to support the first three of his four allegations.[2] Furthermore, only the last allegation was pressed at the hearing below and apparently forms the primary basis for this appeal.

Appellant testified at the hearing below that his involuntary plea resulted from a combination of cir-

---

appellant's claims on the merits and also found that he had not exhausted available state remedies. See *United States ex rel. Allen v. Rundle*, 233 F. Supp. 633 (E.D. Pa. 1964). A petition for a certificate of probable cause to appeal from this order was denied by the Third Circuit Court of Appeals, September 28, 1964, C.A. Misc. Record No. 34 as was a petition for certiorari. See 382 U.S. 857, 86 S. Ct. 109 (1965). Although the Commonwealth insists that appellant's prior collateral efforts must result in a denial of his present petition on the theory that he has waived any constitutional infirmity in his plea, see Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1966), we are loath to impose §4's waiver provisions against an unrepresented defendant since the federal district court did not clearly deny relief on the merits of appellant's habeas corpus action. See *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967).

[2] Appellant's allegation of trial counsel incompetency is apparently predicated upon the argument that delay in holding his trial and appointing counsel resulted in an inability to locate witnesses, and thus counsel's efforts were not effective. However, absent some demonstration that the missing testimony would be helpful, this allegation cannot be equated with a conclusion of ineffective assistance. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967); *Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A. 2d 236 (1967). As to the first and third claims, appellant merely checked the applicable blocks on the post-conviction form.

cumstances. According to appellant, his attorneys early adopted a fixed view that the likelihood of a death sentence made a plea the only realistic alternative given the substantial evidence of appellant's participation in a grievous felony-murder. Believing himself not guilty, appellant approximately five months prior to trial wrote to the Attorney General indicating that he was dissatisfied with counsel's evaluation and requesting advice on available methods to compel counsel to withdraw. The Attorney General replied that this matter was not within his purview and that appellant should notify the trial court of his views when brought to trial.[3] Accordingly, appellant made no mention of this correspondence until trial day when he asked the court to appoint two new attorneys and continue his trial. After a noon recess, appellant's request was denied[4] and he entered a plea of guilty. Appellant now contends that trial counsel's fixed intention to compel appellant to plead guilty combined with the trial court's refusal to appoint new counsel placed him in the position of entering a plea of guilty or facing trial unrepresented and that his choice of the lesser of these two evils, i.e., entry of a plea with counsel, indicates that his plea was not voluntary.

In all material particulars, appellant's version was contradicted by the testimony of both trial counsel.

---

[3] Appellant's letter to the Attorney General formed part of the post-conviction hearing record but the Attorney General's reply is not there contained. Furthermore, in the federal court hearing appellant apparently testified not that the Attorney General advised him to wait until trial to request new counsel but rather that this advice was received from another attorney via a friend who had visited appellant in prison. See *United States ex rel. Allen v. Rundle*, 233 F. Supp. 633, 634 n. 4 (E.D. Pa. 1964).

[4] Given the fact that appellant's request was first made on the day of trial, the request for continuance was apparently properly denied. See *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 849 (1964); *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322 (1940).

Not only did they insist that the ultimate decision to enter a plea always rested with appellant and that they explained in detail all of the available alternatives including possible sentences, but both specifically stated that appellant was informed that counsel was willing to try appellant's case before a jury if such was appellant's wish. Furthermore, one attorney testified that during the noon recess appellant apologized for his request that new counsel be appointed, explaining his request in light of advice given to him by a fellow inmate that a request for new counsel would result in a postponement of the trial. The other attorney corroborated this incident and related that during the course of the degree of guilt proceeding appellant commented that he was satisfied with his representation and would recommend trial counsel for further business. Although, regrettably, the trial record contains no examination of appellant as to the consequences of his decision to plead guilty, the post-conviction hearing judge chose to believe trial counsel and appellant has therefore failed to meet his burden of demonstrating that his plea was involuntary. See *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968); *Commonwealth v. Grays,* 428 Pa. 109, 237 A. 2d 198 (1968).[5]

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[5] Appellant further contends that post-conviction counsel's efforts were ineffective because he lacked sufficient time to prepare appellant's case. However, assuming that the right to competent post-conviction counsel is coextensive with the right to competent trial counsel, we can find no indication of record that any alternatives were available to counsel sufficient to meet the standards announced in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).