Commonwealth *v.* Young, Petitioner.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Mary Bell Hammerman,* for appellant.

*Richard Max Bockol,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard*

A. *Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 4, 1970:

This is a collateral attack on petitioner's 1956 conviction, after a plea of guilty, for burglary, larceny and receiving stolen goods. Relief was denied by the hearing court, after an evidentiary hearing with counsel, and the Superior Court affirmed per curiam without opinion. We now grant the allocatur, reverse the order of the Superior Court, vacate the order of the court of common pleas, and remand for a new hearing.

It appears that the assistant district attorney who prosecuted petitioner in the 1956 proceedings which petitioner now attacks sat as the hearing judge in the instant PCHA proceedings. In *Commonwealth ex rel. Allen v. Rundle,* 410 Pa. 599, 600, 189 A. 2d 261, 262 (1963), where the hearing judge had been the district attorney at the time the relator's indictment was returned, we stated: "Despite the complete impartiality exercised by the hearing judge and the total absence of any element of unfairness, we are nevertheless of the opinion that it is more desirable to have such petitions heard by a judge who, prior to ascending the bench, had no association with either the prosecution or the defense in the trial of the case." Accordingly, we vacated the order of the court, and remanded the case for disposition by "a member of the court below who had no association with either the prosecution or defense at the time of appellant's trial." Id. at 601, 189 A. 2d at 262.

Since, under *Allen,* the hearing judge should have disqualified himself, but did not, petitioner must be granted a new hearing. The order of the Superior

Court is reversed, the order of the Court of Common Pleas, Trial Division, Criminal Section of Philadelphia is vacated, and the case remanded for a new hearing.