459 A.2d 727

**COMMONWEALTH of Pennsylvania,**

v.

**William R. DARUSH, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1983.

Decided April 28, 1983.

18

William A. Hebe, Wellsboro, for appellant.

Jeffrey E. Leber, Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, and ZAPPALA, JJ.

OPINION OF THE COURT

HUTCHINSON, Justice.

Appellant, William R. Darush, was found guilty of burglary, theft, receiving stolen property, and conspiracy following a jury trial in Potter County Court of Common Pleas. Post-verdict motions were denied and appellant was sentenced to serve 2½ to 5 years imprisonment followed by 3 years probation.[1] Appellant was also ordered to pay a sum for the use and benefit of Potter County and to provide restitution to the victim. After appeal thereto, the Superior Court, 279 Pa.Super. 140, 420 A.2d 1071, affirmed the judgment of sentence. This appeal followed our allowance thereof. In it appellant asserts the trial judge should have recused himself because the record shows him biased.

Although we find no evidence of bias and are convinced the judge acted in what he sincerely felt was a proper manner, we nevertheless believe appellant is entitled to resentencing by another judge because certain remarks the judge was said to have made about appellant could raise a reasonable question concerning his impartiality in sentencing.[2] In disposing of appellant's post trial motion raising the recusal issue the trial court said:

In support of defendant's motion for disqualification, the defendant himself gave testimony to the effect that the present Judge of Potter County at the time when he

1. Appellant was given identical, concurrent sentences for the burglary and conspiracy offenses. The sentencing court determined the remaining offenses had merged into that of burglary for the purpose of sentencing.

2. We note the sentence of two and one-half to five years imprisonment, followed by three years probation does not demonstrate any bias, when compared with the possible maximum of ten to twenty years on burglary, the most serious charge.

was District Attorney made a statement to one Dr. Jackie Briggs that Potter County did not need the presence of the defendant or anyone like him.[3] This was not purportedly said by the Court in the presence of the defendant and was, therefore, hearsay. There was no objection made at the time and, accordingly, even though it were hearsay it should be considered by the Trier of Fact who can either accept or reject such testimony. It is obvious that the Court was in an unusual position in that the Court did not feel it proper that he himself give testimony either admitting or denying the statement, however, it is further observed that the hearsay statement was repeated out of context. The Court here can neither admit or deny this statement as the Court simply has no recollection of said statement being made.

. . . .

In the final analysis this Court did and can now assure this defendant that there was not nor shall there be any prejudice in the trial of this defendant's cause or any further causes shown by this Court against the defendant.

Common Pleas Slip Op. at 8–9.

■ Appellant asserts four reasons why the judge was required to recuse himself. We find no merit in the first three. We have therefore reserved our principal discussion for appellant's fourth issue which prompts the disposition set forth above.[4]

Appellant argues recusal was required because:

(1) the trial judge occupied the office of district attorney when the offenses were committed;

---

**3.** Prior to ascending the bench, the trial judge had served as District Attorney of Potter County. (My footnote).

**4.** Appellant raises several other issues regarding the statute of limitations, swearing of the jury, allowance of testimony of appellant's former spouse, and the charge and comments of court. The argument that the statute of limitations had run on some of these charges was waived by failure to raise it in the omnibus pre-trial motion. We have reviewed appellant's other issues and find them devoid of merit. Furthermore, in view of the resolution of the recusal issue, we find it unnecessary to review the questions raised by appellant regarding sentencing.

(2) while the trial judge was district attorney, he took a statement from the Commonwealth's primary witness;

(3) while district attorney, the trial judge had prosecuted appellant on unrelated charges;

(4) appellant had testified that, based on hearsay, the trial judge, while district attorney, had made derogatory remarks about appellant.

The party who asserts that a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal. *Commonwealth v. Perry,* 468 Pa. 515, 364 A.2d 312 (1976). Furthermore, the "decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." *Commonwealth v. Kane,* 199 Pa.Super.Ct. 89, 91, 184 A.2d 405, 406 (1962).

In general, a "trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case *or whenever he believes his impartiality can be reasonably questioned." Commonwealth v. Goodman,* 454 Pa. 358, 361, 311 A.2d 652, 654 (1973) (quoting from A.B.A. Standards Relating to the Function of the Trial Judge § 1.7); *See also infra* note 6.

With this standard in mind, the premises upon which appellant bases his argument will be addressed seriatim.

First, appellant argues recusal was required because the offenses for which he was convicted occurred when the trial judge was serving as district attorney. However, the information against appellant was not filed until after the judge had assumed duties on the bench. Furthermore, the record is barren of facts showing the trial judge had any actual knowledge of, or participation in, the investigation of the offense. Consequently, the court did not abuse its discretion in refusing to recuse itself on this basis.

Next, appellant contends that the trial judge, as district attorney, had taken a statement from the primary witness in this case and that appellant was mentioned in the statement. The witness made a twelve page statement in

regard to an unrelated offense in which he was involved, without reference to the instant matter. The witness had mentioned appellant in only one innocuous instance. The trial judge did not abuse his discretion in refusing to disqualify himself on this basis.[5]

Appellant also argues the trial judge should have recused himself because as district attorney he had prosecuted appellant on unrelated charges. Our Court has held the appearance of judicial integrity and impartiality requires a judge who had represented a party to remove himself from further participation in the case. *Commonwealth v. Pavkovich*, 444 Pa. 530, 283 A.2d 295 (1971); *Commonwealth ex rel. Allen v. Rundle*, 410 Pa. 599, 189 A.2d 261 (1963). Indeed, the Code of Judicial Conduct requires no less.[6]

However, we have never held and are unwilling to adopt a *per se* rule that a judge who had participated in the prosecution of a defendant may never preside as judge in future unrelated cases involving that defendant. Absent some showing of prejudgment or bias we will not assume a trial court would not be able to provide a defendant a fair trial based solely on prior prosecutorial participation. The record reveals no prejudgment or bias, but rather an even-handed treatment of both sides. Therefore, based on the record before us, we believe the trial judge was not in error in failing to recuse himself solely on the basis of his prior prosecutorial role.

**5.** The trial judge did recuse himself from trial of appellant's complicity in the events referred to in the statement.

**6.** Canon 3(C) of the Code of Judicial Conduct, provides in part:
C. Disqualification
(1) *A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including* but not limited to instances *where:*

. . . .

(b) *he served as lawyer in the matter in controversy,* or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
[Emphasis added].

Finally, appellant argues that based on his testimony at a pretrial hearing on the motion for disqualification recusal was required. Appellant testified that during the trial court's campaign for judgeship, appellant had openly opposed election of the trial judge and had made derogatory remarks concerning the candidate to the judge's campaign manager. Appellant also testified he believed the candidate had overheard appellant make those remarks. Furthermore, appellant stated the judge had made derogatory remarks about appellant including that "[w]e want to get people like him [appellant] out of Potter County," to a third party.[7]

At the conclusion of the testimony, the trial judge stated he had no recollection of having heard any statements made by appellant during the judicial race and assured appellant he would receive a fair trial. The trial court also stated in its subsequent opinion that it did not recollect having uttered derogatory comments about appellant.[8]

We do not feel the facts and allegations upon which appellant premises his argument including the vague, unsubstantiated hearsay references to the election dispute or the derogatory remarks allegedly made by the judge require appellant be granted a new trial. In fact, had the District Attorney been present at the pretrial hearing and made a proper objection, the hearsay testimony probably would not have been admitted. Nothing in the record indicates appellant's trial was conducted other than in an unbiased manner. Furthermore, appellant was tried by a jury which was responsible to evaluate the testimony and arrive at a verdict. Since appellant is unable to point out any partial rulings or conduct by the trial court which might have improperly affected the jury, he has not shown that the integrity of the

7. The Commonwealth was absent from the pretrial hearing. As a result no objection was made to the statement's introduction.

8. As a general rule lower court opinions do not constitute part of the record. *See Independence Party Nomination,* 208 Pa. 108, 57 A. 344 (1904). However, the instant court statements provide significant insight into a subject uniquely within the trial court's knowledge and, consequently, to the resolution of the issue of whether its impartiality may "be reasonably questioned."

**24**

fact finding process was affected by any alleged predisposition held by the court. *See Commonwealth v. Scott,* 469 Pa. 258, 365 A.2d 140 (1976).

However, considering all the circumstances, especially the trial court's inability to affirmatively admit or deny making remarks from which a significant minority of the lay community could reasonably question the court's impartiality, we feel the largely unfettered sentencing discretion afforded a judge is better exercised by one without hint of animosity toward appellant. We are convinced the trial court acted with complete integrity in assuring appellant it harbored no prejudice against him. Moreover, we do not imply that the hearsay statements, said to show bias, affected sentencing. However, a defendant is entitled to sentencing by a judge whose impartiality cannot reasonably be questioned.[9] Consequently, a different trial judge must be assigned to resentence appellant.

Judgment of sentence vacated and case remanded for resentencing.

ROBERTS, C.J., files a dissenting opinion.

ROBERTS, Chief Justice, dissenting.

I agree with the majority that the circumstances of this case, including the trial judge's inability to deny making remarks that could call his impartiality into question, merit the granting of relief to appellant. However, I cannot agree with the majority's decision to limit that relief to the sentencing stage of appellant's case.

The requirement of Canon 3 of the Code of Judicial Conduct that a judge "disqualify himself from a proceeding in which his impartiality might reasonably be questioned" is

**9.** Ordinarily, we do not consider the bifurcation of the conduct of trial and the imposition of sentence between different judges desirable. However, we have previously ordered resentencing where the circumstances required the trial judge be precluded from imposing sentence. *See Commonwealth v. Knighton,* 490 Pa. 16, 415 A.2d 9 (1980). Furthermore, our rules of criminal procedure provide for this division of responsibility and would permit the bifurcation in the unique situation presented herein. Pa.R.Crim.P. 1401.

crucial not only to the protection of litigants' rights but also to the preservation of the public's respect for the rule of law. Accordingly, every judicial proceeding must not only be fair; it must *appear* to be fair. As the same considerations that lead the majority to conclude that appellant is entitled to resentencing by a different judge apply with equal force to the trial stage of the proceedings, appellant should be granted a new trial by a judge whose impartiality cannot reasonably be questioned.