477 A.2d 537

**COMMONWEALTH of Pennsylvania**

v.

**Bernard VALLONE, Appellant.**

Superior Court of Pennsylvania.

Argued March 6, 1984.

Filed June 1, 1984.

Stephen LaCheen, Philadelphia, for appellant.

Stephen B. Harris, First Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before ROWLEY, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas, Bucks County, denying appellant's motion to withdraw a guilty plea.

Two issues are raised on appeal: (1) whether, as a result of counsel's failure to request the lower court judge to recuse himself, appellant was denied effective assistance of counsel; and (2) whether the court below erred in refusing to grant appellant's motion to withdraw his guilty plea.

Appellant was charged on five indictments for various offenses which fall into the broad category of assault, firearms violations, and possession of controlled substances. On August 20, 1974, suppression motions were litigated, and denied, on two of the indictments. The next day a jury was selected and sworn. After the first witness had begun to testify, appellant decided to plead guilty. On that same day, pleas of guilty were entered on all five indictments.

The court deferred sentencing and permitted appellant to remain free on bail. Appellant did not appear for the scheduled sentencing on September 13, 1974. He was eventually located on September 21, 1978, when he was arrested on federal charges in North Carolina.

On February 22, 1979, appellant filed a motion to withdraw his guilty pleas. After numerous continuances and delays, a hearing was held before the Honorable Kenneth G. Biehn, who denied the motion by opinion and order dated November 9, 1981.

The case was again scheduled for sentencing on March 5, 1982. Once again appellant failed to appear. Appellant was subsequently located and sentenced on April 30, 1982.[1] On May 10, 1982, appellant filed a petition for reconsideration of sentence/motion to withdraw guilty plea. The peti-

---

1. We note that appellant was not sentenced by Judge Biehn, but was instead sentenced by the Honorable Issac S. Garb.

tion was denied as to both matters on July 2, 1982, and this appeal followed.

We now turn to disposition of the issues.

Underlying appellant's claim that counsel should have requested recusal is the fact that Judge Biehn was the District Attorney in Bucks County at the time that appellant was arrested, prosecuted, and entered his pleas of guilty.

This court, in determining whether a criminal defendant was afforded effective assistance of counsel, will make an independent review of the record, *Commonwealth v. Strader*, 262 Pa.Super. 1616, 396 A.2d 697 (1978), and examine counsel's actions in light of the available alternatives. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Gray*, 297 Pa.Super. 123, 443 A.2d 330 (1982). Counsel will be deemed effective if this court determines that the course of action chosen had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney, supra; Commonwealth v. Johnson*, 280 Pa.Super. 309, 421 A.2d 737 (1980). However, where the claim concerns an issue or a motion not raised, it is only where the claim is of arguable merit that we must make an inquiry into counsel's decision not to pursue the matter. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

At the outset then, we must examine the applicable authority and decide whether the claim—that Judge Biehn should not have heard appellant's motion—has arguable merit.

In the case of *Commonwealth ex rel. Allen v. Rundle*, 410 Pa. 599, 189 A.2d 261 (1963), the hearing judge in the court below had been a District Attorney at the time the indictment was returned. In that capacity he had signed the bill of indictment and was responsible for the prosecution of the defendant. The supreme court vacated and remanded, stating that:

> Our examination of the record satisfies us that the failure of the hearing judge to disqualify himself from passing on this petition was in no way prejudicial to petitioner. The record is entirely free from even the slightest suggestion of prejudice or impropriety on his part. Despite the complete impartiality exercised by the hearing judge and the total absence of any element of unfairness, we are nevertheless of the opinion that it is more desirable to have such petitions heard by a judge who, prior to ascending the bench, had no association with either the prosecution or the defense in the trial of the case.

*Id.*, 410 Pa. at 600, 189 A.2d at 262.

In accord is the case of *Commonwealth v. Young*, 439 Pa. 498, 269 A.2d 18 (1970). The petitioner therein was collaterally attacking his conviction. The hearing judge in the Post-Conviction Hearing Act proceedings had been the Assistant District Attorney who prosecuted the petitioner in the proceeding which he was attacking. Relying on *Commonwealth ex rel. Allen v. Rundle, supra*, the supreme court ruled that the hearing judge should have disqualified himself, and that the petitioner must be granted a new hearing.

Although *Allen* was cited, a harmless error approach was used in *Commonwealth v. Pavkovich*, 444 Pa. 530, 283 A.2d 295 (1971). Therein the court rejected appellant's argument that he was prejudiced by inclusion in the court *en banc*, which decided post-trial motions filed subsequent to his post-conviction hearing, of a judge who had been the prosecuting attorney at his trial. The court stated that, "A person who acted as counsel in a criminal case, on either side of the prosecution or the defense, should not later participate in the matter as a judge. *Commonwealth ex rel. Allen v. Rundle*, 410 Pa. 599, 189 A.2d 261 (1963). In the instant case, however, we perceive no possible prejudice in what occurred, and the error was harmless." *Id.*, 444 Pa. at 531, 283 A.2d 295 (1971). As is relevant here, this finding of harmless error was based on the fact that, with one exception, the post-trial motions presented subsequent to the post-conviction hearing, were the same as those

previously presented. The second court *en banc* merely denied the motions based on the opinion of the prior court *en banc*.

The most recent comment on this precise question from our supreme court is found in the case of *Commonwealth v. Darush*, 501 Pa. 15, 459 A.2d 727 (1983). One of the arguments made by appellant therein was that recusal of the trial judge was required because he had occupied the office of District Attorney when the offenses were committed. Another argument for requiring recusal was that when he was the District Attorney, the trial judge had prosecuted appellant on unrelated charges. While the court ultimately held that the appellant was entitled to be sentenced by a different judge, it essentially rejected both of the arguments set forth above. Specifically, the court stated that "... we have never held and are unwilling to adopt a *per se* rule that a judge who had participated in the prosecution of a defendant may never preside as judge in future unrelated cases involving that defendant." *Id.*, 501 Pa. at 22, 459 A.2d at 731. Yet, in the preceding paragraph it was acknowledged that:

> Our Court has held the appearance of judicial integrity and impartiality requires a judge who had represented a party to remove himself from further participation in the case. *Commonwealth v. Pavkovich*, 444 Pa. 530, 283 A.2d 295 (1971); *Commonwealth ex rel. Allen v. Rundle*, 410 Pa. 599, 189 A.2d 261 (1963). Indeed, the Code of Judicial Conduct requires no less.[6]
>
> [6] Canon 3(C) of the Code of Judicial Conduct, provides in part:
> C. Disqualification
> (1) A judge *should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including* but not *limited to instances where:*
>
> (b) *he served as lawyer in the matter in controversy,* or a lawyer with whom he previously practiced law served during such association as a lawyer concerning material witness concerning it: [Emphasis added].

*Id.*

The Commonwealth argues that, "Prior to the hearing on the motion to withdraw the guilty pleas, Judge Biehn in-

formed counsel that he had no knowledge whatsoever of the cases before him." (Commonwealth's brief, 10). Recognizing that the case law in this area is not readily reconcilable, the Commonwealth argues that in light of the judge's lack of knowledge, we should apply the harmless error reasoning of *Commonwealth v. Pavkovich, supra,* rather than the rule set forth in *Commonwealth ex rel. Allen v. Rundle, supra.*

We do not find the Commonwealth's argument persuasive. Initially we note that the court's harmless error reasoning in *Pavkovich* was not based on any lack of knowledge on the part of the judge who sat on the court *en banc,* but was instead based primarily on the *pro forma* nature of what the court *en banc* had done in that case. More importantly, we emphasize that even if this were not so, we would be compelled to reject the Commonwealth's argument. Its assertion as to what Judge Biehn said to counsel does not appear of record, therefore, we may not consider it. *Gee v. Eberle,* 279 Pa.Super. 101, 420 A.2d 1050 (1980).

Based on the record which we have before us, we can ascertain nothing more than that Judge Biehn occupied the office of District Attorney at the time in question. This we know by virtue of the fact that his name, title, and authorized signature appear on certain documents of record. As the subject of recusal was not raised prior to this appeal, matters such as the nature and extent of Judge Biehn's involvement as a prosecutor or the state of his knowledge of appellant's case have never been explored.

■ Accordingly, we hold that in view of the somewhat equivocal statement of the law on recusal due to prior prosecutorial involvement, appellant has, for purposes of an ineffectiveness claim, raised an issue of arguable merit. Consequently, we will remand for a hearing on the question of why counsel did not pursue the matter.

In view of our disposition on the first issue, we find it inappropriate at this juncture to address the second.

Order reversed and case remanded. We do not retain jurisdiction.