J-A14043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ASHLEY PEDRICK | |
| Appellant | No. 1574 EDA 2016 |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-MD-0000122-2016

BEFORE:  BENDER, P.J.E., BOWES and SHOGAN, JJ.

CONCURRING MEMORANDUM BY BOWES, J.:  **FILED NOVEMBER 30, 2017**

I concur with my distinguished colleagues that Appellant's appeal from the denial of her recusal motion alleging bias on the part of the judge lacks merit.  However, I write separately to point out that Appellant also asserted on appeal that the appearance of partiality warranted recusal, an argument that was not addressed by the majority.  Appellant maintained that because the judge made a "prior adverse credibility determination," "her impartiality might reasonably be questioned." Appellant's brief, at 20.  Thus, Appellant contended, "[the judge] had an obligation to recuse herself regardless of whether she was angry or bitter at the defendant."  Reply Brief for Appellant, at 16.  I would characterize this as a claim of an appearance of

partiality, which falls under the larger umbrella of appearance of impropriety.

Under Pennsylvania law, "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Pa. Code Jud. Conduct Rule 1.2. The comment to the rule provides that, "[t]he test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge." Comment [5].

It is well-settled that the appearance of partiality may require a judge's recusal. *See Goodheart v. Casey*, 565 A.2d 757 (Pa. 2007); *see also Lomas v. Kravitz*, 2017 Pa. LEXIS 2275 (Pa. 2017) (acknowledging that appearance of partiality may warrant recusal but finding issue waived as it was not presented at the earliest possible time). However, Appellant did not seek recusal below based on the **appearance** of partiality, nor did she identify the court's refusal to recuse itself on this ground as error in her Pa.R.A.P. 1925(b) concise statement.[1] Since Appellant limited her challenge

_____

[1] Appellant assigned as error the trial court's failure to grant her motion for recusal where it "had already found Ms. Pedrick guilty of contempt at a trial
*(Footnote Continued Next Page)*

- 2 -

to actual bias and partiality on the part of the trial court, her present contention that the appearance of partiality mandated recusal is waived for purposes of this appeal.

Despite waiver, I take this opportunity to reiterate the point made by my esteemed colleague, Judge Stabile, in his concurring and dissenting opinion in **Lomas v. Kravitz**, 130 A.3d 107 (Pa.Super. 2015) (*en banc*) (*aff'd* 2017 Pa. LEXIS 2275 (Pa. 2017)). Judge Stabile noted the confusion that still persists as to whether a litigant can challenge the judge's denial of a recusal motion asserting an appearance of partiality or impropriety. In answering that question in the affirmative, Judge Stabile offered a well-reasoned and thorough analysis of the evolution of the law of recusal for an appearance of impropriety, which I commend to the reader.

Briefly, in **Lomas**, the defendants sought recusal of the entire Montgomery County bench based on the appearance of impropriety created by the fact that one sitting judge had an ongoing pecuniary interest in the outcome of the case. The trial court denied the recusal motion. An equally divided *en banc* Superior Court affirmed, concluding that the defendants'

*(Footnote Continued)* ———————————

that was vacated on post-sentence motion, which evidenced the Court's bias and lack of [im]partiality to judge the matter." Concise Statement of Errors Complained of on Appeal, at 2 ¶3(c).

recusal motion was "patently untimely, and, therefore, waived." *Id*. at 111.[2]

The majority went on to find further that, although the appearance of impropriety alone could mandate recusal, "the circumstances here do not provide a legal or ethical reason to impugn the impartiality of the entire bench of the Montgomery Court of Common Pleas" or the presiding judge. All parties agreed that the judge "was fair and impartial at all times" and found no evidence of "bias, unfairness, or prejudice." *Id*. at 125. Thus, the majority found no abuse of discretion in the denial of the recusal motion.

In his concurring and dissenting opinion, Judge Stabile opined that the majority ignored whether an appearance of impropriety warranted recusal. It was his belief, also subscribed to by this author, that the appearance of impropriety requires recusal even though no bias, unfairness, or prejudice on the part of the trial judge was demonstrated. Judge Stabile analyzed the appearance of impropriety standard in judicial decision-making and concluded that a litigant had a substantive right to seek recusal on this basis and rejected appellee's contention in *Lomas* that the judge's denial of such a recusal motion was not reviewable.

The notion that a denial of a recusal motion on this basis is final and non-reviewable appears to have originated in *Reilly v. Southeastern*

---

[2] The Supreme Court affirmed on the basis of waiver, finding that the recusal motion was not filed at the earliest possible time.

*Pennsylvania Transp. Auth.*, 489 A.2d 1291, 1298 (Pa. 1985) (*overruled on other grounds as recognized by* **Gallagher v. Harleysville Mut. Ins. Co.**, 617 A.2d 790, 794 (Pa.Super. 1992)), where the Court stated that a trial judge's assessment of his ability to rule impartially "is personal, unreviewable, and final." As recently as this Court's decision in **Commonwealth v. Kearney**, 92 A.3d 51, 60-61 (Pa.Super. 2014), this language was relied upon in support of the proposition that the appearance of impropriety involves enforcement of the Code of Judicial Conduct, which is beyond our jurisdiction. The panel reasoned that the canons of the Code merely set norms of conduct and did not confer standing on others, including this Court, to enforce the Code.[3]

Judge Stabile traced the evolution of the appearance of impropriety standard from a canon to a mandatory rule of judicial conduct. He relied upon **In re McFall**, 617 A.2d 707 (Pa. 1992), and several other decisions in reaching his conclusion that a litigant has a substantive right to enforce and seek review of the denial of a recusal motion based on the appearance of impropriety. In **McFall**, twenty-nine appellees sought and were granted new criminal proceedings where the judge who presided over their original

---

[3] I cannot reconcile this view with language in **Commonwealth v. Kearney**, 92 A.3d 51, 61 (Pa.Super. 2014), to the effect that a jurist's ruling that "he or she can hear and dispose of a case fairly and without prejudice, will not be overruled on appeal but for an abuse of discretion."

proceedings failed to disclose that she had worked as an undercover agent for the FBI. The issue was framed in terms of whether the court's conduct denied defendants their right to a fair and impartial tribunal. Our High Court answered that question in the affirmative, finding that "the air of impropriety" alone, without proof of actual prejudice, was sufficient. **McFall**, **supra** at 610. Impartiality of the trial court was viewed as a fundamental prerequisite of a fair trial. Each appellee was granted a new proceeding because the Court concluded that the trial judge's impartiality was deemed compromised by appearance alone.

Our Supreme Court relied upon **McFall** in **Joseph v. Scranton Times L.P**., 987 A.2d 633 (Pa. 2009). The Court assumed plenary jurisdiction over the case under Pa. Const. art. V, § 19(a), granting an application for relief and exercising King's Bench authority, and appointed Judge Platt, now a senior judge of this Court, to preside over a remand of the matter. He was charged with determining whether there was judicial impropriety or the appearance of such impropriety in the assignment and trial of the underlying defamation case so as to entitle petitioners to a new trial.

The issue of impropriety arose after it came to light that two judges, one of whom assigned the case to the other, were co-conspirators in a scheme involving two private juvenile facilities in which they held a financial interest. Judge Platt recommended a new trial, and the Supreme Court agreed. Our High Court found the earlier trial to have been "infected with

the appearance of judicial impropriety." It relied upon Pa. Const. art. I, § 11 ("right and justice are to be administered without sale, denial or delay") and art. V, which grants the Supreme Court supervisory and administrative authority over all courts, in granting a new trial "to remedy the pervasive appearance of impropriety . . . and to give justice, and the appearance of justice, an opportunity to prevail." *Id*. at 635. The Court stated that even the appearance of impropriety was sufficient justification for the grant of new proceedings, and applied *McFall*'s test: "A jurist's impartiality is called into question whenever there are factors or circumstances that may reasonably question the jurist's impartiality in the matter." *McFall*, *supra* at 712-13. The Court rejected the notion that a showing of prejudice was necessary where the appearance of impropriety was established, citing *McFall* and *In re Cunningham*, 538 A.2d 473, 480 (Pa. 1988) (superseded by statute on other grounds as noted in *In re Jaffe*, 814 A.2d 308 (Pa. Ct. Jud. Discipline 2003). *In accord Commonwealth v. Darush*, 459 A.2d 727, 732 (Pa. 1983) (appellant entitled to resentencing by another judge where trial judge's derogatory remarks about him raised a reasonable issue as to his impartiality).

I believe Judge Stabile correctly stated Pennsylvania law when he concluded that litigants have a substantive right to a fair and impartial tribunal, and that denial of a recusal motion premised on the appearance of partiality or impropriety is reviewable by this Court for an abuse of

discretion. Furthermore, I find the objective test articulated by the Court of Appeals for the Seventh Circuit in **Pepsico v. McMillen**, 764 F.2d 458, 460 (7th Cir. 1985), and cited with approval in the Pennsylvania Code, to be more than adequate: "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." 207 Pa. Code § 15-4. Moreover, the appearance of impropriety may warrant the grant of a new proceeding before a different judge.

Herein, even if the issue had been preserved, the prior adverse credibility determination by the judge did not warrant recusal for an appearance of partiality. It was not a circumstance even remotely comparable to the illustrative examples in the Code of Judicial Conduct where a judge "shall" recuse because his or her impartiality might reasonably be questioned:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

a. a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

b. acting as a lawyer in the proceeding;

      c. a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

      d. likely to be a material witness in the proceeding.

(3)    The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

(4)  The judge knows or learns that a party, a party's lawyer, or the law firm of a party's lawyer has made a direct or indirect contribution(s) to the judge's campaign in an amount that would raise a reasonable concern about the fairness or impartiality of the judge's consideration of a case involving the party, the party's lawyer, or the law firm of the party's lawyer. In doing so, the judge should consider the public perception regarding such contributions and their effect on the judge's ability to be fair and impartial. There shall be a rebuttable presumption that recusal or disqualification is not warranted when a contribution or reimbursement for transportation, lodging, hospitality or other expenses is equal to or less than the amount required to be reported as a gift on a judge's Statement of Financial Interest.

(5)  The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6)  The judge:

      a. served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

      b. served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion

concerning the merits of the particular matter in controversy; or

c. was a material witness concerning the matter.

Code of Judicial Conduct, Rule 2.11(A) (as discussed in 207 Pa. Code § 15-4) (Formal Advisory Opinion of the Ethics Committee of the Pennsylvania Conference of State Trial Judges)).

Absent herein is any evidence of judicial bias or partiality against Appellant or her lawyer or personal knowledge of the facts. The present situation does not implicate personal or economic interests of the judge, her family, or other members of the Bench. It does not involve political contributions. The judge did not make a public statement that would have suggested that she was committed to reaching a particular result. Nor was the judge at one time a lawyer involved or associated with the matter, or a material witness to the events.

While the list is not exhaustive, an adverse credibility determination, without more, is not the type of circumstance that creates an appearance of partiality. I submit that if every judge who made an adverse credibility determination against a party was disqualified from presiding in any subsequent proceeding involving that party on the theory that it created the appearance of partiality, recusal would be the norm. **See Commonwealth v. Abu-Jamal**, 720 A.2d 79, 90 (Pa. 1998) ("Adverse rulings alone do not, however, establish the requisite bias warranting recusal, especially where

the rulings are legally proper."). In short, even if the issue had been preserved, the circumstances herein did not raise an appearance of partiality that would have warranted recusal and a new proceeding.