J-S19030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE COLON | : | |
| | : | |
| Appellant | : | No. 1835 EDA 2021 |

Appeal from the PCRA Order Entered August 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006281-2016

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED JULY 28, 2022**

Appellant, Jorge Colon, appeals from the order entered on August 5, 2021, which dismissed his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court prepared the following summary of the relevant historical and procedural facts.

> On June 12, 2016, Kevin Clark and Joe Connelly were sitting on a step at the corner of Harold and Thompson Streets in Philadelphia. Appellant approached them and punched Connelly four times with a closed fist, after which Clark and Connelly attempted to walk away. When Clark, an elderly disabled man, asked Appellant to leave them alone, Appellant punched Clark approximately [30 to 40] times. As neighbors intervened to restrain Appellant, he yelled "I'll shoot him, I'll shoot him" and placed his hand inside his satchel. One neighbor, Michael Fenerty, heard the commotion, went outside and witnessed Appellant beating Clark. Fenerty told

---

[*] Former Justice specially assigned to the Superior Court.

Appellant to leave Clark alone and then grabbed Appellant's arm. Appellant screamed at Fenerty that he was going to kill him but began walking away.

Believing that the altercation was over, Fenerty returned to his house, changed his clothes, and went outside to wait for police. Appellant then charged towards Fenerty with an aluminum baseball bat and struck Fenerty four times. Fenerty shielded himself with his arms, suffering injuries to his arms and elbow. Appellant fled when the police arrived. Two officers pursued Appellant and apprehended him. Fenerty testified that his arm was red and purple the next morning and that its condition worsened in the ensuing days. Later in the week, Fenerty went to an emergency room where an X-ray revealed deep bruising in the arm and his elbow had to be drained on two occasions.

Following a bench trial . . . , the trial court found Appellant guilty of aggravated assault, simple assault, terroristic threats, [recklessly endangering another person ("REAP") and possessing instruments of crime ("PIC")]. On February 17, 2017, [the trial court] sentenced Appellant to [serve] an aggregate term of five to ten years [in prison,] followed by five years of probation.

PCRA Court Opinion, 9/30/21, at 1-3.

Following the *nunc pro tunc* restoration of Appellant's direct appellate rights, the Pennsylvania Superior Court affirmed Appellant's judgment of sentence on June 15, 2020. **Commonwealth v. Colon**, 237 A.3d 1058 (Pa. Super. 2020) (non-precedential decision) at **1-23. Appellant filed the current, counseled PCRA petition on June 26, 2020. As is relevant to the current appeal, Appellant raised the following claims in his petition:

[1.] Trial counsel was ineffective for not requesting the trial court to recuse [itself] as it was made clear on the record that the witness, Michael Fenerty, and [the trial court judge] knew each other.

- 2 -

[2.] Trial counsel was ineffective for making the decision himself whether to ask for a recusal. The right to ask or not ask for a recusal when such a blatant conflict of interest is raised[] should solely be the decision of the defendant and not the attorney.

[3.] Trial counsel was ineffective for not informing his client that he too knew the witness that was testifying.

Appellant's PCRA Petition, 6/26/20, at 3-4 (some capitalization omitted).

On June 17, 2021, the PCRA court provided Appellant with notice that it intended to dismiss the petition in 20 days, without a hearing, as the petition was without merit. PCRA Court Notice, 6/17/21, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant did not respond to the Rule 907 notice and, on August 5, 2021, the PCRA court finally dismissed Appellant's petition. PCRA Court Order, 8/5/21, at 1. Appellant filed a timely notice of appeal. He numbers three claims in his brief:

[1.] Did the PCRA court err in dismissing Appellant's PCRA petition as meritless with respect to trial [counsel's] ineffective assistance of counsel for not asking the trial court to rescue [itself] due to [the] trial court knowing a witness and his family that was called to testify by the Commonwealth?

[2.] Did the PCRA court err in dismissing Appellant's PCRA petition as meritless with respect to trial counsel unilaterally not asking for a court recusal, as it was [Appellant's] right and right alone to decide whether a recusal should be asked for?

[3.] Did the PCRA Court [err] in dismissing [Appellant's] PCRA petition as meritless with respect to trial counsel's ineffectiveness for not informing Appellant that he knew the same witness and family as the trial court?

Appellant's Brief at 3 (some capitalization omitted).

- 3 -

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See***

- 4 -

> *Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

Appellant's first two claims contend that trial counsel was ineffective for "not asking for a recusal [and] not consulting with [Appellant] prior to the decision on whether to ask for a recusal," after learning that the trial court judge knew the victim, Michael Fenerty. *See* Appellant's Brief at 6 (some capitalization omitted). These claims fail, as they have no arguable merit. Indeed, during Appellant's direct appeal, Appellant claimed that the trial court judge erred when he failed to recuse himself, as he knew Fenerty. As this Court explained, Appellant's recusal claim was "frivolous":

Prior to Fenerty's testimony, the trial court acknowledged *sua sponte* that the court had met Fenerty and knew members of Fenerty's family. After the court revealed its familiarity with Fenerty, [Appellant's] counsel stated: "On the record. That's fine. I have no objection, Your Honor, and I have no motion with regard to that." Accordingly, the issue of the trial court's recusal was not preserved for judicial review. . . .

Even if not waived, the record does not support a conclusion that the trial court was required to recuse itself in this instance. "The party who asserts that a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." *Commonwealth v. Darush*, 459 A.2d 727, 731 (Pa. 1983) (citation omitted).

"The acquaintance between a judge and a victim of a crime, is not, in itself, sufficient to require the trial judge to recuse." *Commonwealth v. Perry*, 364 A.2d 312, 318 (Pa. 1976). Because the relationship itself does not disqualify the judge, we look beyond the connection to the victim "to determine if any prejudice has actually accrued." *Id.*

After review, there is no showing that the trial court exhibited favorable bias towards Fenerty or assessed his credibility positively without justification. Accordingly, the issue is frivolous.

*Commonwealth v. Colon*, 237 A.3d 1058 (Pa. Super. 2020)

(non-precedential decision) at **22-23 (some citations omitted).[1]

---

[1] Although this Court held that Appellant's issue was waived, we alternatively held that, even if Appellant preserved the issue, the issue was frivolous. The decision on the merits constitutes an alternative holding and, as our Supreme Court has held, "[w]here a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of *obiter dictum*." *Commonwealth ex rel. Fox v. Swing*, 186 A.2d 24, 26 (Pa. 1962); *see also Commonwealth v. Towles*, 208 A.3d 988, 1005 (Pa. 2019) (holding that the Supreme Court rendered an alternative holding, when, "despite the determination of waiver, [the Supreme] Court nevertheless engaged in a merits resolution of the underlying claim").

Within Appellant's current appellate brief, Appellant similarly makes no claim that the trial court judge "exhibited favorable bias towards Fenerty or assessed his credibility positively without justification." *See id.* at \*23; *see also* Appellant's Brief at 8-11. As such, Appellant's first two ineffectiveness claims have no arguable merit and the claims necessarily fail.

Finally, Appellant claims that his trial counsel was ineffective because counsel failed to timely inform Appellant that he also knew Fenerty. Appellant has not supported his claim with any citation to legal authority and Appellant neither claims nor argues that counsel's alleged failure caused Appellant to suffer prejudice. *See* Appellant's Brief at 12. Therefore, Appellant's final claim on appeal is waived. *See Commonwealth v. Miller*, 212 A.3d 1114, 1131 (Pa. Super. 2019) ("[o]ur rules of appellate procedure require an appellant to support his or her argument with pertinent analysis, including citation to and discussion of relevant authority and facts of record. *See* Pa.R.A.P. 2119. This [C]ourt will not become the counsel for an appellant and develop arguments on an appellant's behalf, and waiver of an issue results when an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief") (quotation marks and some citations omitted).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2022