J-S58005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DR. BARRY L. BENDER, | |
| Appellant | No. 674 WDA 2013 |

Appeal from the PCRA Order April 2, 2013
in the Court of Common Pleas of Blair County
Criminal Division at No.: CP-07-CR-0000301-2002

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 08, 2014**

Appellant, Dr. Barry L. Bender, appeals from the court's denial of his counseled fifth amended version of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On October 20, 2003, [Appellant] entered a guilty plea[1] before Judge Milliron of the Blair County Court of Common Pleas

---

* Retired Senior Judge assigned to the Superior Court.

1 Appellant negotiated a guilty plea to two counts of involuntary deviate sexual intercourse, one count of prescribing or dispensing medication outside the bounds of accepted medical practice, one count of criminal conspiracy to deliver a controlled substance, one count of corruption of minors, one count of selling or furnishing liquor, and one count of criminal solicitation.  **See** 18 Pa.C.S.A. § 3123(a)(7); 35 P.S. §§ 780-113(a)(14) and (30); 18 Pa.C.S.A. §§ 6301(a)(1), 6310.1(a), and 902, respectively.

pursuant to a plea agreement. The incarceration negotiated was agreed to be a term of [ten] to [twenty] years in a state correctional institution. A verbal colloquy of [Appellant] was conducted on October 20th including [Appellant] submitting an [eleven]-page written colloquy form in support of his plea and the plea agreement. By further agreement, sentencing was intended to be scheduled approximately [sixty] days from the date the plea was taken. Consistent with that understanding, a sentencing hearing was scheduled for December 12, 2003. However, in the interim on December 2, 2003, [Appellant] (having discharged Attorney Dickey almost immediately following the guilty plea proceeding) sought to withdraw his plea by petition filed through new counsel[,] Attorney Bryan Walk. The petition to withdraw his guilty plea was heard on December 12, 2003, and denied by the [trial] [c]ourt which then imposed a sentence consistent with the plea agreement. The [trial] [c]ourt's decision to deny withdrawal of the guilty plea was appealed to the Superior Court of Pennsylvania[,] which Court on December 10, 2004, entered a [ten]-page memorandum opinion affirming the decision by the [trial court] to deny [Appellant's] attempt to withdraw his plea of guilty. [(**See Commonwealth v. Bender**, 318 WDA 2004, unpublished memorandum at *5 (Pa. Super. filed Dec. 10, 2004).] The record was remanded to the [trial court] on December 30, 2005. The original PCRA petition was filed by [Appellant] *pro se* on March 17, 2006. As the record reflects, the PCRA petition has been amended [by counsel] on a number of occasions with the final amendment occurring on February 23, 2010.

(PCRA Court Opinion, 9/27/11, at 2-3).

On March 5, 2011, the PCRA court held an argument related to the scope of the PCRA hearing. The court, on September 27, 2011, issued an order and opinion identifying only Appellant's claims for bias of the trial judge, and ineffectiveness of counsel in advising Appellant to enter a guilty plea and waive a pre-sentence investigation (PSI) as those issues that required a hearing; Appellant's remaining challenges were denied.

On February 16, 2012, the PCRA court held a hearing on the claim of ineffectiveness of counsel concerning the waiver of a PSI.[2] The PCRA court, on November 19, 2012, held a hearing on the claim of trial judge bias. On April 2, 2013, the PCRA court issued an order and opinion denying the claim. Appellant timely appealed on April 19, 2013.[3] On November 13, 2013, this Court remanded this case for the limited purpose of allowing newly appointed counsel to review the petition in order to prepare Appellant's brief.[4]

Appellant raises the following issues for our review:

I.     Whether the trial court erred in finding the Appellant was in a proper state of mind when he entered his plea?

II.    Whether the trial court erred in finding the [t]rial [j]udge did not have a bias against the Appellant based on the use of the Appellant in his judicial campaign ads?

III.   Whether the trial court erred in finding that Appellant's prior counsel was not ineffective in failing to file a motion to withdraw guilty plea (on the basis that the Appellant was not in a proper state of mind at the time of the plea)?

---

[2] The court issued an order and opinion on June 12, 2012 denying Appellant's claim. Appellant has not appealed the PCRA court's determination on this issue.

[3] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement on May 9, 2013. The court entered its Rule 1925(a) opinion on June 19, 2013 relying on the reasons set forth in the September 27, 2011, June 12, 2012, and April 2, 2013 opinions. *See* Pa.R.A.P. 1925.

[4] The court appointed current counsel on September 3, 2013.

IV.    Whether the trial court erred in finding that Appellant's prior counsel was not ineffective in failing [to file] a post sentence motion regarding a sentence that did not conform to the plea agreement?

V.    Whether the trial court erred in finding that [Appellant's] prior counsel was not ineffective in failing to request a continuance when he was openly unprepared?

(Appellant's Brief, at 4).[5]

Our standard of review is well-settled:

When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013) (citations omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA.    ***See*** 42 Pa.C.S.A. § 9543.    Cognizable claims include constitutional violations and ineffectiveness of counsel that undermine the truth-determining process.    ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii).

In his first issue, Appellant claims that a violation of his due process rights occurred when the trial court failed to find that he had a decreased mental capacity at the time he entered his plea.    (***See*** Appellant's Brief at 12-15).    This issue is waived.

_____

[5] Appellant has reordered issues four and five in his argument.    Therefore, we will address his issues in the order he has argued them.

It is well-settled that:

> [a]n issue is previously litigated if the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue. An issue is waived if appellant could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state post-conviction proceeding.

*Commonwealth v. Fears*, 86 A.3d 795, 803-04 (Pa. 2014) (citations and quotation marks omitted); *see also* 42 Pa.C.S.A. §§ 9543(a)(3) and 9544.

Here, the record reflects that Appellant's assertion that he was not in a proper state of mind due to medication and poor health at the time he entered his plea is not included in his direct appeal of the trial court's denial of his motion to withdraw his guilty plea. (*See Bender*, *supra* at *5 ("Appellant presents one question for our review: Did the trial court err in failing to grant Appellant's motion to withdraw guilty plea filed prior to the imposition of sentence when the Appellant demonstrated a fair and just reason why he should be permitted to do so and the Commonwealth was not substantially prejudiced?" (capitalization removed))). Accordingly, Appellant's first issue is waived. *See Fears*, *supra* at 803-04; 42 Pa.C.S.A. §§ 9543(a)(3) and 9544.

Moreover, his claim would not merit relief.

A guilty plea is knowingly entered if the "defendant is aware of his rights and the consequences of his plea." *Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citation omitted); *see also* Pa.R.Crim.P. 590. Furthermore, it is well-settled that "a defendant who entered a guilty plea [is presumed to be] aware of what he [is] doing, and the defendant

bears the burden of proving otherwise." ***Prendes***, ***supra*** at 352 (citation omitted).

Here, the PCRA court found that:

> . . . [upon review of] the transcripts of all of [the] proceedings[,] [t]here is nothing in any of them which supports (even remotely) the "after the fact" position that [Appellant] was actually incompetent in any particular. The complete absence of support is critical. . . . Reading the record, we find no support from the guilty plea proceeding itself or (perhaps even more importantly) from [Appellant's] testimony almost two months later before [the trial] court on December 12, 2003, at the proceeding to withdraw his plea.

(PCRA Ct. Op., 9/27/11, at 12).

Furthermore, the record reflects that Appellant repeatedly affirmed that he was not impaired and understood the plea. (***See*** Written Guilty Plea, 10/24/03, at 2-11; N.T. Guilty Plea Hearing, 10/20/03, at 7-13, 16-18).

Accordingly, the record supports the PCRA court's denial of relief on this claim. ***See Prendes***, ***supra*** at 352.

In his second issue, Appellant claims that the trial court had a bias against him based on the use of Appellant in his judicial campaign ads. (***See*** Appellant's Brief, at 15-18). We disagree.

It is well-settled that:

> . . . simply because a judge rules against a defendant does not establish any bias on the part of the judge against that defendant. If the appellate court determines that the party alleging judicial bias received a fair trial, then the allegation of judicial bias is not borne out. ***See Reilly v. SEPTA***, 507 Pa. 204, 489 A.2d 1291 (1985).

*Commonwealth v. Travaglia*, 661 A.2d 352, 367 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996).

Here, Appellant argues that "[u]nder Canon 2 of the Code of Judicial Conduct, the precept governing judicial conduct is the avoidance of not only actual impropriety but also the appearance of impropriety." (Appellant's Brief, at 16) (citing *Commonwealth v. Perry*, 364 A.2d 312 (Pa. 1976)). In further support of his argument, Appellant quotes *Commonwealth v. Darush*, 459 A.2d 727, 732 (Pa. 1983) to claim that "[d]isqualification of a judge is mandated whenever 'a significant minority of the law community could reasonably question the court's impartiality.'" (Appellant's Brief, at 16). Appellant's argument is misguided.

We note, "enforcement of the Code of Judicial Conduct is beyond the jurisdiction of this Court." *Commonwealth v. Kearney*, 92 A.3d 51, 62 (Pa. Super. 2014), *appeal denied*, 385 MAL 2014, 386 MAL 2014 (Pa. filed Sept. 30, 2014) (citing *Reilly*, *supra* at 1298).

Furthermore, the cases Appellant cites are distinguishable.

In *Perry*, *supra*, our Supreme Court determined that the trial judge's refusal to disqualify himself did not prejudice the appellant where the trial judge knew the victim professionally and attended his funeral. *See Perry*, *supra* at 317-18.

In *Darush*, *supra*, despite finding no evidence of bias by the trial judge, our Supreme Court remanded for resentencing in consideration of the trial judge's professed inability to admit or deny the appellant's claim that,

- 7 -

during the trial judge's election campaign for judgeship, the appellant, who openly opposed the campaign, made derogatory remarks to the trial judge's campaign manager that the trial judge may have overheard. **See Darush**, **supra** at 732.

Here, Appellant's argument is not supported by any citation to pertinent controlling authority. Accordingly, Appellant has failed to meet his burden of proving "a significant minority of the law community could reasonably question the court's impartiality." **Id.**; **see also** Pa.R.A.P. 2119(a)-(c).

Moreover, upon our independent review, the record reflects that:

> Judge Milliron did use [Appellant's] case in his campaign for judge in 2005. However, [Judge Milliron] does not recall the nature of the advertisements but believes it was in print. He unsuccessfully attempted to locate his commercials and/or advertisements before the November 19, 2012, hearing.
>
> *    *    *
>
> Judge Milliron had no further involvement after he denied [Appellant's] request to withdraw his guilty plea. He recused himself from consideration of the PCRA Petition filed by [Appellant].
>
> Judge Milliron denied having any bias or prejudice for or against [Appellant]. He had no thoughts of running for a full-term when he was presiding over [Appellant's] case. Further, he testified that whatever was contained in his campaign material was factually accurate.

(PCRA Ct. Op., 4/02/13, at 3-4 (record citations omitted); **see also** N.T. PCRA Hearing, 11/19/12, at 14-17, 21, 26-28).

Additionally, the PCRA court explained the basis for its decision as follows:

> [Appellant's] claim there was the appearance of impropriety during the progress of his case when Judge Milliron was presiding is totally groundless. How Judge Milliron's decision to run for a full term on the [b]ench in 2005 and the use of material in his political campaign referencing [Appellant] is evidence of impropriety or unfairness in the 2003 proceedings is beyond this [c]ourt's understanding.

(PCRA Ct. Op. 4/02/13, at 6-7). Upon review, we agree and conclude that the court's determination that the trial judge did not have a bias against Appellant is supported by the record.

Accordingly, because Appellant has failed to establish that he did not receive a fair trial, we conclude that the PCRA court properly found that the trial judge did not have a bias against Appellant. **See Travaglia**, **supra**, at 367. Appellant's second issue lacks merit.

Appellant argues in his remaining three claims that he received ineffective assistance of counsel. (**See** Appellant's Brief at 19-28). We disagree.

It is well-settled that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Counsel is presumed effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). A PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **See Strickland v. Washington**, 466

U.S. 668, 687 (1984). Pennsylvania has further refined the **Strickland** test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. **See Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the ineffective assistance of counsel test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Moreover, deference is given to the PCRA court's credibility determination if supported by the record. **See Spotz, supra** at 312-13.

Where, as here, Appellant pleaded guilty, "claims of ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." **See Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). Furthermore, it is well-settled that, where the record shows that the trial court conducted a thorough guilty plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. **See id.** (rejecting challenge to plea agreement where trial court conducted plea colloquy and defendant understood charges). We look to the totality of the circumstances to determine whether the defendant understood the nature and consequences of his plea. **See id**.

A criminal defendant is bound by the statements he made during his plea colloquy. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384

(Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradicts statements made at that time. **See Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted).

In his third issue, Appellant claims that he received ineffective assistance of counsel for counsel's failure to file a motion to withdraw his guilty plea on the basis that Appellant was not in a proper state of mind. (**See** Appellant's Brief, at 19). Specifically, Appellant argues that counsel failed to present testimony of his incapacity at the time he entered his guilty plea and instead focused on whether the Commonwealth would be prejudiced. (**See id.** at 19-22). We disagree.

Our independent review of the record reveals that this Court addressed the merits of Appellant's motion to withdraw his guilty plea on direct appeal. (**See Bender**, **supra** at *7, *9 (holding that "the assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of the plea" but that "permitting withdrawal of the plea would result in substantial prejudice to the Commonwealth.")). Appellant's third issue has not been previously litigated because it is framed in terms of

ineffective assistance of counsel. *See Commonwealth v. Martin*, 5 A.3d 177, 185 (Pa. 2010), *cert. denied*, 131 S.Ct. 2960 (2011) (citing *Commonwealth v. Collins*, 888 A.2d 564 (Pa. 2005)).

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written Guilty Plea, 10/24/03, at 11; N.T. Guilty Plea Hearing, 10/20/03, at 7-19). Appellant understood the charges against him, the nature of his pleas, his rights, and what rights he was giving up. (*See* Written Guilty Plea, 10/24/03, at 1-11; N.T. Guilty Plea Hearing, 10/20/03, at 8-19). Appellant did indicate that he had consumed multiple prescription medications within forty-eight hours of completing the written plea colloquy but they were "regular medications" and did not affect his ability to understand his plea. (N.T. Guilty Plea Hearing, 10/20/03, at 8; *see also* Written Guilty Plea, 10/24/03, at 3).

Furthermore, the PCRA court found that the trial court observed, at the December 12, 2003 hearing on Appellant's motion to withdraw his plea, that Appellant "clearly demonstrated his competence by far more than a preponderance of the evidence." (PCRA Ct. Op., 9/27/11, at 16).

Therefore, we conclude that the PCRA court properly found that Appellant failed to meet his burden of pleading and proving all three prongs of the *Pierce* test for ineffective assistance of counsel and Appellant's third issue lacks merit.

In his fourth issue, Appellant claims that he received ineffective assistance of counsel because counsel was unprepared, was "standing in" for

recently retained counsel, and argued that the Commonwealth would not face substantial prejudice instead of "that [Appellant] could not have entered a knowing, willing, [and] involuntary plea"; which resulted in a constructive denial of counsel. (Appellant's Brief, at 25). This issue is waived.

"Issues not included in the [Rule 1925(b) statement] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925 (b)(4)(vii); **see also Commonwealth v. Arrington**, 86 A.3d 831, 849 (Pa. 2014), *cert. denied*, 2014 WL 4387304 (U.S.).

Here, Appellant's claim that he was constructively denied counsel is not included in his Rule 1925(b) statement. (**See** Appellant's Concise Statement of Errors, 5/09/13, at 1-2). Instead, he states that counsel "fail[ed] to request a continuance request when he was openly unprepared." (**Id.** at 2). Accordingly, Appellant's fourth issue is waived. **See** Pa.R.A.P. 1925 (b)(4)(vii).

Moreover, his claim would not merit relief.

Here, the record reflects that counsel renewed the continuance request at the start of the hearing, which the trial court denied. (**See** N.T. Petition to Withdraw Guilty Plea/ Sentencing, 12/12/03, at 6). Counsel proceeded to represent Appellant and the trial court "found neither [Appellant] nor his witnesses . . . to be credible." (**Id.** at 110; **see also** PCRA Ct. Op., 9/27/11, at 20).

Accordingly, the record supports the PCRA court's denial of relief on this claim.

In his final issue, Appellant claims that he received ineffective assistance of counsel based on counsel's failure to file a post sentence motion objecting to the additional twenty-two years of probation as inconsistent with the plea agreement. (*See* Appellant's Brief, at 26-28). We disagree.

Here, the record reflects that Appellant's plea agreement contains no provisions regarding probation. (*See* Written Guilty Plea, 10/24/03, at 1-11). Appellant understood that the trial court "within [its] discretion . . . will[] add a period of probation that will be at the conclusion of whenever you're released from incarceration." (N.T. Guilty Plea Hearing, 10/20/03, at 10; *see id.* at 4, 16). Counsel did not object to the imposition of probation at the sentencing hearing. (*See* N.T. Petition to Withdraw Guilty Plea/ Sentencing, 12/12/03, at 111-20).

Because the record confirms that there was no agreement on probation, counsel could not be ineffective for failure to object to the imposition of a term of probation.

Therefore, we conclude that the PCRA court properly found that Appellant failed to meet his burden of pleading and proving all three prongs of the *Pierce* test for ineffective assistance of counsel and Appellant's final issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2014